**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1933

CARL T. NORTON; NORHURST PROPERTIES DANVILLE, LLC,

Plaintiffs - Appellants,

v.

WILKINS & CO. REALTY, INC.; JAMES BUCKNER; EDWARD B. WALKER; RE PROSPECTS, LLC; 2291 SCHOOLFIELD, LLC,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Thomas D. Schroeder, District Judge.  (4:21-cv-00039-TDS-JEP)

Submitted:  November 30, 2023                    Decided:  January 18, 2024

Before NIEMEYER and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  J. Chapman Petersen, Won Y. Uh, CHAP PETERSEN & ASSOCIATES, PLC, Fairfax, Virginia, for Appellants.  James A. L. Daniel, Khalilah A. Walters, Michael A. Nicholas, DANIEL, MEDLEY & KIRBY, PC, Danville, Virginia, for Appellee James Buckner.  Mark E. Feldmann, Sr., Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellee Wilkins & Co. Realty, Inc.  Harold E. Johnson, WILLIAMS MULLEN, Richmond, Virginia; Mark D. Loftis, WOODS ROGERS VANDEVENTER BLACK PLC, Roanoke, Virginia, for Appellees Edward B.

Walker; RE Prospects, LLC; and 2291 Schoolfield, LLC.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a real estate transaction, Carl Norton and Norhurst Properties Danville, LLC, sued several Defendants in federal court, invoking the court's diversity jurisdiction and alleging claims of fraud and civil and statutory conspiracy under Virginia law. Plaintiffs now appeal the district court's order dismissing their action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Finding no error, we affirm.

We review de novo a district court's order granting a motion to dismiss under Rule 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, "a plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020).

We first address Plaintiffs' fraud claim. "Under Virginia law, a plaintiff seeking to recover for fraud must allege: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 153 (4th Cir. 2020) (internal quotation marks omitted). While Plaintiffs contend that they would not have carried out the real estate transaction absent the Defendants' alleged

misrepresentation of the buyer's identity, Plaintiffs' allegations reflect that the buyer's identity was immaterial to the transaction. Moreover, Plaintiffs explicitly disclaimed reliance on the buyer's identity in the purchase agreement. We therefore conclude that the district court properly found that Plaintiffs failed to allege a claim for fraud.

We likewise conclude that the district court properly dismissed Plaintiffs' claim of civil and statutory conspiracy. Under Virginia law, "actions for common law civil conspiracy and statutory business conspiracy lie only if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious." *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317 (Va. 2014). Here, Plaintiffs failed to allege facts to support that they incurred harm as a result of tortious or unlawful acts taken by the Defendants. Accordingly, they failed to state a claim for conspiracy.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*